# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RODNEY T. YOUNG,

    Plaintiff,

vs.

C. TAYLOR,

    Defendant.

Case No.1:18-cv-490

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's December 6, 2018 Report and Recommendation ("R&R") (Doc. 21).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Plaintiff filed objections (Doc. 24). He asserts that he should have been granted leave to amend his complaint, the Magistrate Judge fails to view the facts in a light most favorable to him, and the Magistrate Judge errs by finding no retaliation on the part of Defendant (*Id.*). The Magistrate Judge sufficiently detailed the facts in this case and the same will not be repeated here except as necessary to address Plaintiff's objections.

When objections are received to a magistrate judge's R&R on a dispositive matter, the assigned district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." FED. R. CIV. P. 72(b). After review, the district judge "may accept, reject or modify the

recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(B).

Starting with Plaintiff's objection that he should have been granted leave to amend his complaint, (Doc. 24 at PageID 149-150), the Magistrate Judge adequately explained why allowing his proposed amended complaint would be futile (Doc. 21 at PageID 139). Indeed, after noting that his motion for leave could be denied strictly on procedural grounds, *i.e.*, based on his proposed amended complaint's untimeliness and his failure to file a timely motion for leave, the Magistrate Judge liberally construed and reviewed Plaintiff's proposed amended complaint. (*Id.*). After doing so, she found that an amendment would be futile and thus improper under Federal Rule of Civil Procedure 15. (*Id.* at PageID 130-42). The Court agrees that his proposed amended complaint is conclusory and fails to state a claim under the Eight Amendment against Defendant or Correctional Officer Corns. *See* (*Id.* at PageID 142). Plaintiffs objections do not establish otherwise.

Turning to Plaintiff's next objection, he contends that the Magistrate Judge substituted her own facts rather than accepting his allegation that Defendant lied in his February 20, 2018 Conduct Report against Plaintiff. (Doc. 24 at PageID 151-152). However, the Magistrate Judge properly relied on *Plaintiff's allegations in his Complaint* and the Court emphasizes her reasoning that "*the complaint's allegation* that Plaintiff was found 'not guilty' on some charges is not equivalent to an allegation that [Defendant] 'fabricated' all charges." (Doc. 21 at PageID 133) (emphasis added).

Regarding Plaintiff's objection that the Magistrate Judge refused to accept his retaliation theory, (Doc. 24 at PageID 1 52-154), the Court notes the Magistrate Judge's

finding that, if "Defendant deployed his OC spray in a good faith attempt to counteract a perceived threat (even if that perception was mistaken), and/or in order to restore order based upon Plaintiff's rule violation(s)," then Plaintiff's retaliation theory cannot stand, (Doc. 21 at PageID 134). Contrary to Plaintiff's assertion otherwise, the Magistrate Judge relied on Plaintiff's allegations, including Defendant's warning to Plaintiff and Plaintiff's subsequent actions, to support her finding that Defendant acted in good faith. (*Id.* at PageID 133). Finally, to the extent that Plaintiff disagrees with the Magistrate Judge's interpretation of the pertinent case law, he simply lists case citations for cases that he deems "on point," offers no analysis as to why those cases are "on point," and generally and summarily disagrees with the R&R. (Doc. 24 at 152, 154), The Court is not persuaded and agrees with the Magistrate Judge's interpretation and analysis of the pertinent authority.

In short, and having reviewed this matter de novo, the Court finds that the R&R is correct and will adopt it in its entirety. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(B).

## CONCLUSION

In light of the above, the Magistrate Judge's December 6, 2018 Report and Recommendation (Doc. 21) is **ADOPTED** in its entirety and Plaintiff's Objections (Doc. 24) are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's Motion to Amend/Correct or "Convert" Defendant's Motion to Dismiss to a Motion for Summary Judgment (Doc. 11) is **DENIED**;
2. Defendant's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) is **GRANTED;**
3. Plaintiff's Amended Complaint (Doc. 14) and belated Motion Seeking Leave to Amend (Doc. 20) are **DENIED**;

4. Defendant's Motion to Strike (Doc. 18) is **DENIED AS MOOT**; and

5. This matter be **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

~~~
                              __/s Michael R. Barrett_____
                              Hon. Michael R. Barrett
                              United States District Judge
~~~